FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 15 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BRUCE WESTIN, <br><br> Petitioner, <br><br> v. <br><br> CALIFORNIA SUPERIOR COURT, <br><br> Respondent. | Case No. CV 10-2993-JHN (MLG) <br><br> MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND |

Bruce Westin filed a document called "Withholding of Evidence During Discovery and Trial" on April 21, 2010. The document appeared to allege that during the course of some sort of trial, the prosecutor illegally withheld relevant photographs. The Court construed the pleading as a petition for writ of habeas corpus under 28 U.S.C. § 2254 and dismissed it with leave to amend because the petition did not state whether Petitioner is a person in custody pursuant to a judgment of a state court; the petition failed to provide the Court with any information as to whether Petitioner has filed any appeals or taken any other action to exhaust his state remedies; and the petition did not inform the court of the underlying facts of the convictions which might form the basis of state custody

1  and the sentence that the petitioner is currently serving.

2  On May 13, 2010, Petitioner filed a first amended petition. The petition named the Los Angeles County Superior Court as Respondent. It alleged that in February 2007, Petitioner was convicted of vandalism and sentenced to one year imprisonment with credit for time served. Petitioner claims he is currently on probation. Petitioner alleges that the Superior Court will not allow him to calendar motions and that the district attorney improperly withheld certain photographs during the course of the trial

On May 14, 2010, the first amended petition was dismissed with leave to amend. It was found that Petitioner had failed to name a proper Respondent, that ground one of the petition failed to state a cognizable claim under 28 U.S.C. § 2254, and that there was no showing that petitioner had exhausted his state remedies before filing his habeas corpus petition.

Petitioner was given 21 days, until June 4, 2010, in which to file a second amended petition. Petitioner was specifically informed that the failure to timely file a second amended petition would result in dismissal of the petition without further notice. Petitioner did not file a timely second amended petition nor did he request an extension of time in which to do so.

This action shall be dismissed for failure to prosecute. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious

2

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc*, 594 F.3d 1081, 1084 (9th Cir. 2010); *Ferdik*, 963 F.2d at 1260-1261. *See also In re PPA Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).

Here, the public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in favor of dismissal. Given Petitioner's failure to comply with the court's order, dismissal would not undermine the public policy favoring disposition of cases on the merits. In addition, there is no identifiable risk of prejudice to Respondent.

Balancing all of these factors, dismissal of this petition for failure to prosecute is warranted.

IT IS SO ORDERED.

Dated: June 14, 2010

Jacqueline H. Nguyen
United States District Judge

Presented By:

Marc L. Goldman
United States Magistrate Judge

3